AMIEL L. WADE (SBN 184312)
EVAN LIVINGSTONE (SBN 252008)
WADE LAW GROUP
A Professional Corporation
262 E. Main Street
Los Gatos, CA 95030
Telephone: (408) 884-4018
Facsimile:  (408) 852-0614
Email: elivingstone@wadelitigation.com

Attorneys for Debtor/Defendant
Irma Acevedo Fernandez

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA ACEVEDO FERNANDEZ<br><br>Debtor.<br>-------------------------------------------------------<br>GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR CARRILLO, ADAN CARRILLO<br><br>Plaintiffs,<br><br>v.<br><br>IRMA ACEVEDO FERNANDEZ a.k.a IRMA A. FERNANDEZ<br><br>Defendant. | Chapter 7<br><br>Case No. 2:22-bk-15889-DS<br><br>AP No. 2:23-ap-01075-DS<br><br>**DEBTOR/DEFENDANT'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:    April 20, 2023<br>Time:    11:30 AM<br>Ctrm.:    1639<br>Judge:   Hon. Deborah J. Saltzman<br><br>Action filed: February 3, 2023<br>Trial Date:    None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Debtor/Defendant IRMA ACEVEDO FERNANDEZ hereby moves this court for an order dismissing the Complaint of Plaintiffs GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR CARRILLO, ADAN CARRILLO, filed February 3, 2023, pursuant to Fed. R. Civ. P 12(b)(6), as incorporated by Fed. R. Bankr. P. 7012(b)(6), for failure to state a claim upon which relief can be granted. The grounds for this motion are that Plaintiffs have not adequately pled facts which establish that the debt Plaintiffs allege Defendant owes them should be excepted from discharge under Bankruptcy Code §§ 523(a)(2)(A) or 523(a)(6).

Defendant Irma Acevedo Fernandez consents to entry of a final order or judgment by this

Bankruptcy Court.

  This motion is based upon the accompanying Memorandum of Points and Authorities, the Complaint filed in this matter, along with its exhibit, the Court's file and records in this adversary proceeding and in the main bankruptcy case, and such other evidence and arguments that may properly come before this Court.

Dated: March 9, 2023           WADE LAW GROUP

                By:  /s/ Evan Livingstone
                    Evan Livingstone
                    Attorneys for Defendant
                    Irma Acevedo Fernandez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case arises from a Plaintiffs' tenancies in allegedly unpermitted or substandard units on Defendant's property, which was filed in the Los Angeles Superior Court in August 2020. The complaint in that case, which Plaintiffs attached as Exhibit 1 to the Complaint in this adversary proceeding, contains ten causes of action: 1. Tortious Breach Of The Warranty Of Habitability (Negligence); 2. Tortious Breach Of The Warranty Of Habitability (Intentional Tort); 3. Breach Of The Warranty Of Habitability (Statute). 4. Breach Of The Warranty Of Habitability (Contract); 5. Nuisance (Civil Code §3479); 6. Breach Of Covenant Of Quiet Enjoyment (Negligence) 7. Breach Of Covenant Of Quiet Enjoyment (Intentional Tort) 8. Unlawful Collection Of Rent And Excessive Collection Of Rent 9. Failure To Pay Relocation Assistance (Violation of LAMC §§151.00, et seq); 10. Unlawful Business Practices In Violation of BP §17200 et Seq. CC §1942.4.

Plaintiffs' causes of action in the Superior Court complaint are an amalgam of breach of contract theories with negligence and intentional tort. There is also an allegation of violating Los Angeles Municipal Codes, and a nuisance claim. Notably, Plaintiffs pleaded no cause of action for fraud or intentional infliction of emotional distress in their Superior Court case.

After Defendant filed her bankruptcy case, which stayed proceedings in the Los Angeles Superior Court, Plaintiffs filed the instant Complaint to Determine Dischargeability of Claims in the bankruptcy court. Although Plaintiffs first state that their claims are not dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), it appears from paragraph 3 of the Complaint and the headings on pages 8, 9 and 10, that Plaintiffs are alleging that their claim against Defendant are excepted from discharge under Bankruptcy Code § 523(a)(2)(A) and § 523(a)(6).

Based on the same factual allegations Plaintiffs allege in the Superior Court action, Plaintiffs now ask the court to interpret Defendant's acts and omissions in a way that rises to the level of willful and malicious injury under Bankruptcy Code § 523(a)(6)), and false pretenses, false representation, or fraud under Bankruptcy Code § 523(a)(2)(A).

As will be argued below, Plaintiffs fail to state a claim for non-dischargeability under

Bankruptcy Code § 523(a)(6), because Plaintiffs have not alleged facts that if true show that Defendant intended that her acts would injure Plaintiffs, which is the level of intent required to except Plaintiffs' claim from discharge under the standard enumerated in *In Re Su* (9th Cir. 2002) 290 F.3d 1140.

Further, Plaintiffs fail to state a claim for non-dischargeability under Bankruptcy Code § 523(a)(2)(a), because Plaintiffs have not alleged facts that establish that Plaintiffs relied on Defendant's alleged misrepresentation, which is a required element of fraud under the standard enumerated in *In re Slyman* (9th Cir. 2000) 234 F.3d 1081.

## II.     RELEVANT ALLEGATIONS OF THE COMPLAINT

The essential allegations of Plaintiffs' complaint are as follows: Defendant owns the property at 4710 S. Figueroa Street, Los Angeles, California ( "The Subject Property"). Defendant constructed two illegal dwellings in the rear of the Subject Property, which she rented to Plaintiffs. (Par. 8) On or about March, 2017, Plaintiffs Castanon and Romero entered into an oral agreement with Defendant to rent a rear unit ( "dwelling Unit 1") at the Subject Property for $850.00 a month. (Par. 9) On or about 2014, Plaintiff Carrillo entered into an oral agreement with Defendant to rent a rear unit ("dwelling Unit 2") at the Subject Property for $1,200.00 a month. dwelling Unit 2 was occupied by Plaintiff Carrillo and her son Plaintiff Adan. (Par. 10)

Plaintiffs paid rent on a monthly basis to Defendant. (Par. 12) During Plaintiffs Castanon and Romero's tenancy, the condition of dwelling Unit 1 was substandard and in violation of numerous health and housing codes. (Par. 13) During Plaintiffs Carrillo and Adan's tenancy, the condition of dwelling Unit 2 was substandard and in violation of numerous health and housing codes. (Par. 14)

On or about July 18, 2016, the Los Angeles Housing & Community Investment Department inspected the Subject Property and issued to Defendant a Notice and Order of Abatement. The Notice determined the dwellings constituted illegal construction and ordered Defendant to "remove the unapproved portion or alteration and restore structure to its originally approved condition or obtain the required permits and inspection approvals." Despite knowing the structures were illegal, Defendant proceeded to rent them to Plaintiffs. (Par. 15) The

4

Motion to Dismiss Complaint

dwellings were so substandard that they were determined to be an illegal and unpermitted dwellings by the City of Los Angeles Department of Building & Safety (DBS). The DBS issued a Substandard Order in November, 2019, stating the dwellings occupied by Plaintiffs were illegally constructed dwellings without a certificate of occupancy and ordered Defendant to secure the proper permits and bring the dwelling up to code or discontinue its use as a residential dwelling by December, 2019. (Par. 16)

Defendant failed to comply with the Notice from HCIDLA or the Order from DBS. Instead, Defendant engaged in a pattern of harassment designed for Plaintiffs to vacate the dwelling without Defendant having to pay the relocation benefits required by the Los Angeles Rent Stabilization Ordinance. (Par. 17) Defendant refused demands to repair the dwellings or pay relocation, demanding that Plaintiffs immediately vacate the dwellings. The harassment and conditions became so bad Plaintiffs vacated the dwellings in February, 2020, and never received the relocation amount Defendant was required to pay under the Los Angeles Municipal Code. (Par. 18) Defendant had knowledge of her legal obligation to comply with the requirements of City and County ordinances, including making the Relocation Assistance payment to Plaintiffs, but failed and/or refused to comply. Defendant has a pending criminal matter, for her renting illegal dwellings. (Par. 19)

Defendant had knowledge of he legal obligation to comply with City and County Codes, and make Relocation Assistance payment to Plaintiffs, but failed and/or refused to comply. Defendant has a pending criminal matter, prosecuted by the City Attorney, for renting illegal dwellings. (Par. 21)

### III.    STANDARD ON MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings in the bankruptcy court by Federal Rule of Bankruptcy Procedure 7012, a complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible only if the plaintiff pleads facts that "allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For a claim to proceed, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008), and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A claim should be dismissed "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (internal quotation marks and citation omitted). Leave to amend should be denied if the court determines that "allegation[s] of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    ARGUMENT

### A. **The Facts Alleged in the Complaint Do Not State A Claim For An Exception From Discharge Under Bankruptcy Code § 523(a)(6), Because There Are No Allegations That Defendant Had the Subjective Intent to Hurt Plaintiffs When She Rented Them Unpermitted or Substandard dwellings.**

Bankruptcy Code § 523(a)(6) excepts from discharge a debt for willful and malicious injury by the debtor to another entity or to the property of another entity. The Supreme Court established in In *Kawaauhau v. Geiger* (1988) 523 U.S. 57, that Bankruptcy Code § 523(a)(6) does not apply to those debts arising from unintentionally inflicted injuries:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." ….The (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act", not simply "the act itself." *Id.*, 523 U.S. at 61-62

The Ninth Circuit has held that the willful injury requirement of 11 U.S.C.S. § 523(a)(6)

is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct. *In Re Su* (9th Cir. 2002) 290 F.3d 1140, 1141. The word "willful" in § 523(a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Id.*, 290 F.3d 1140, at 1141. Debts arising from recklessly or negligently inflicted injuries do not fall within the compass of 11 U.S.C.S. § 523(a)(6). *Id.,* 290 F.3d 1140, at 1141. *Su* also made it clear that the "malicious" injury requirement of Section 523(a)(6) is separate from the "willful" requirement. A "malicious" injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. *Su,* 290 F.3d 1140, at 1141.

Here, there are no facts alleged in Plaintiffs' complaint that show either directly, or by a creating a reasonable inference, that Defendant's actions were subjectively intended to injure the Plaintiffs. The facts alleged in Paragraph 8, that Defendant constructed two illegal dwellings in the rear of the Subject Property, which she rented to Plaintiffs, shows that Defendant may have broken the law, but does not create a reasonable inference that Defendant built these dwellings and rented them to Plaintiffs with the intention of injuring Plaintiffs. Even if Defendant intentionally constructed an unpermitted dwelling, that level of intention does not satisfy the standard in *Geiger* and *Su*, that Defendant must have intended the harm to Plaintiffs that resulted from her intentional act.

The debtor in *In Re Su* sped through a red light, causing an accident that injured the creditor. However. despite the fact that debtor intentionally broke traffic laws, the BAP and the Ninth Circuit concluded that debtor's intention to break the law did not necessarily mean that debtor had the intention of harming the people he hit, as a result of breaking the law. *In Re Su* (9th Cir. 2002) 290 F.3d 1140.

Plaintiff's allegations in Paragraphs 13 and 14, that during their tenancies the dwellings they rented from Defendant were substandard and in violation of numerous health and housing codes, also do not establish, or create a reasonable inference, that Defendant had a subjective intention to harm the Plaintiffs.

Plaintiffs' allegations in Paragraph 15, that in July 2016, the City of Los Angeles inspected the Subject Property and issued to Defendant a Notice and Order of Abatement, which determined the dwellings constituted illegal construction and ordered Defendant to remove the unapproved portion or obtain the required permits and inspection approvals, likewise does not establish, or create a reasonable inference, that Defendant had a subjective intention to harm the Plaintiffs.

Plaintiff's second allegation in Paragraph 15, that despite knowing the structures were illegal, Defendant proceeded to rent them to Plaintiffs, requires more analysis. Does this allegation create an inference that Defendant had the subjective intention to harm the Plaintiffs? The answer is no. This allegation only creates an inference that Defendant intended to rent Plaintiffs a dwelling without having it properly permitted. As in *In Re Su,* an intentional violation of the law does not create an inference that Defendant intended to harm the Plaintiffs when she broke the law.

Plaintiff's allegation in Paragraph 16 that the City of Los Angeles issued a Substandard Order in November 2019, stating the dwellings occupied by Plaintiffs were illegally constructed dwellings without a certificate of occupancy and ordered Defendant to secure the proper permits and bring the dwelling up to code or discontinue its use as a residential dwelling, does not establish or imply that Defendant intended to harm the Plaintiffs. These allegations only establish that Defendant was aware the dwellings were illegal and did not fix them.

Plaintiff's allegation in Paragraph 17, that Defendant failed to comply with the Notices from the City, but instead, engaged in a pattern of harassment designed for Plaintiffs to vacate the dwelling without Defendant having to pay the relocation benefits required by the Los Angeles Rent Stabilization Ordinance, does not establish or imply that Defendant's motivation in trying to get the Plaintiffs to leave was to injure them. Rather the allegations create an inference that Defendant's motivation to get Plaintiffs to vacate the dwellings, was in order to comply with the City's order to discontinue using the units as residential dwellings.

The allegations in Paragraph 18, that Plaintiffs vacated the dwellings in February, 2020, and never received the relocation amount Defendant was required to pay under the Los Angeles

Municipal Code, only create an inference that Defendant was unwilling or unable to pay the relocation benefits. Again, negligence or failure to comply with a statute does not equate to or create a reasonable inference that Defendant intended to harm Plaintiffs, even if she intentionally failed to comply with an ordinance.

The allegations in Paragraph 21 also fail to establish or create an inference the Defendant intentionally intended to harm Plaintiffs, as explained above. And the fact that Plaintiff is accused or even convicted of violating a criminal ordinance related to illegally renting premises does not establish Plaintiff's intention to harm Defendant either.

Finally, Plaintiffs' conclusory allegations that Defendant harassed Plaintiffs (Par. 17), and that Defendant's conduct has been grossly negligent, malicious and oppressive, without regard to Plaintiffs' rights and wellbeing (Par. 24), should be disregarded. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008), and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B. The Facts Alleged in the Complaint Do Not State A Claim For An Exception From Discharge Under Bankruptcy Code § 523(a)(2)(A), Because There Are No Allegations That Plaintiffs Actually Relied on Defendant's Alleged Failure to Inform Defendant that dwellings Were Not Permitted.**

Bankruptcy Code § 523(a)(2)(A) provides that a discharge under section 727 does not discharge an individual debtor from any debt for money, to the extent obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A)

The five elements [for exception from discharge under Bankruptcy Code § 523(a)(2)(A)], each of which the creditor must demonstrate by a preponderance of the evidence, are: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *In re Slyman* (9th Cir.

2000) 234 F.3d 1081, 1085.

The only allegations in Plaintiffs' complaint that could be construed as misrepresentation, fraudulent omission or deceptive conduct by the debtor are Paragraph 8, that Defendant constructed illegal dwellings and rented them to Plaintiffs, and Paragraph 15 that despite knowing the structures were illegal, Defendant proceeded to rent them to Plaintiffs. These allegations could possibly create an inference that Defendant knew the dwellings were not permitted, and omitted telling Plaintiffs this fact in order to deceive Plaintiffs about the status of the dwellings.

However, Plaintiffs have not alleged that Plaintiffs justifiably relied on Defendant's failure to inform Defendant's of the unpermitted status of the dwellings. Plaintiffs do not allege that had they known the dwellings were unpermitted, they would never have agreed to rent the dwellings. Without an allegation of justifiable reliance on Defendant's alleged misrepresentation of fact, Plaintiffs' complaint fails to state a claim for exception from discharge because of false pretenses, false representation, or actual fraud.

Defendant has found no cases that are similar to the allegations in the instant case. However, the case of *In re Deitz* (Bankr.9th Cir. 2012) 469 B.R. 11, is a good example of a case where there was actual deception by the debtor regarding the legal status of the service he provided in exchange for money.

In *Deitz*, the debtor agreed to build a 4,170 square foot house plus additional improvements, for a total price of $444,105. His contractor's license was suspended at the time and was never reinstated. Creditors paid him a total of $511,800 to build the home. The house was approximately 65 percent completed. [Debtor apparently diverted some of the funds for his own use.] Debtor was convicted for the crime of contracting without license in violation of Cal. Bus. & Prof. Code § 7028. Debtor had knowingly made false representations that he was a licensed contractor, and he took possession of creditors' funds for a particular purpose and misused them. There was also ample evidence of a willful and malicious injury. *In re Deitz* (Bankr.9th Cir. 2012) 469 B.R. 11, 13. The bankruptcy court found that "[Deitz'] misrepresentations were intentional and designed specifically to deceive and induce [the

creditors] for the sole purpose of being retained to build Plaintiff's home and profit thereby." *Deitz*, 469 B.R. 11, at 24.) As to the element of justifiable reliance, the bankruptcy court found that Deitz intended to gain the trust of the [Creditors] by highlighting his military career, the common nursing occupation of [Creditor] and Deitz' mother, and Deitz' experience as a tech at the VA medical facility where [Creditor] had been treated. *Deitz*, 469 B.R. 11, at 25.

Here, as opposed to Deitz, even after Plaintiffs have litigated their case for over two years, the Complaint in the adversary proceeding contains no facts showing that Defendant intentionally misrepresented the status of the subject dwellings, with the intention of inducing Plaintiffs to rent the dwellings. Therefore, Plaintiffs' complaint for excepting their claim from discharge due to fraud fails for failure to state a claim.

## V.    CONCLUSION

Because Plaintiff has not pled facts sufficient to constitute an exception from discharge under the Bankruptcy Code due to fraud, or due to willful and malicious injury, the Court should grant Defendant's motion to dismiss Plaintiffs' Complaint. The motion should be granted without leave to amend. Plaintiffs have litigated this case since August 2020, but were not able to allege reasons why Defendant's debt should be excepted from discharge in the adversary proceeding Complaint which Plaintiffs filed on February 3, 2023. There is no reason to think that Plaintiffs will meet their burden with an amended complaint.

Dated: March 9, 2023                                Respectfully submitted,

                                                                                                                   WADE LAW GROUP

By:    /s/Evan Livingstone
       Evan Livingstone
       Attorneys for Debtor/Defendant
       Irma Acevedo Fernandez