Clemente Franco, Esq. - State Bar No. 194742
LAW OFFICES OF CLEMENTE FRANCO, APC
1295 W. Sunset Blvd.
Los Angeles, CA 90026
Telephone: (213) 213.2500
Facsimile:  (213) 213.2501

Attorneys for Plaintiffs/Creditors
GABRIELA CASTANON, ALEJANDRO ROMERO,
LEONOR CARRILLO, ADAN CARRILLO

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In Re IRMA ACEVEDO FERNANDEZ<br><br>Debtor. | Chapter 7<br><br>Bankruptcy Case No.  2:22-bk-15889-DS<br><br>Adversary Proc. No. 2:23-ap-01075-DS |
| GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR CARRILLO, ADAN CARRILLO<br><br>Plaintiffs,<br><br>v.<br><br>IRMA ACEVEDO FERNANDEZ a.k.a IRMA A. FERNANDEZ<br><br>Defendant | **FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS** |

Come now Plaintiffs GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR

CARRILLO, ADAN CARRILLO, (Plaintiffs), and for their First Amended Compliant to

-1-

FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS

Determine the Dischargeability of Claims pursuant to 11 U.S.C §523(a)(2)(A) and §523(a)(6) respectfully represent:

## JURISDICTION AND VENUE

1. On or about, October 27, 2022, Defendant ACEVEDO filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the Bankruptcy Code, case number 2:22-bk-15889-DS, titled *In re Irma Acevedo Fernandez*.

2. Defendant ACEVEDO listed Plaintiffs GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR CARRILLO, and ADAN CARRILLO as creditors on their Chapter 7 bankruptcy petition.

3. This adversary proceeding is one arising in the debtor's case no. 2:22-bk-15889-DS under chapter 7 of title 11 now pending in this Court. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §523(a)(2)(A) and (a)(6). This is a core proceeding under 28 U.S.C. §157(b)(2(1) in that it is an action to determine the dischargeability of debt.

4. Venue is proper under 28 U.S.C §1409(a)

## PARTIES

5. Plaintiffs GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR CARRILLO, and ADAN CARRILLO are listed as creditors within the captioned Chapter 7 case pending before the United State Bankruptcy Court for the Central District of California, Los Angeles Division, docketed as 2:22-bk-15889-DS.

6. Plaintiffs are natural persons who are and, at the time of the events set forth in this Complaint, were residents of the County of Los Angeles.

7. Defendant IRMA ACEVEDO FERNANDEZ is a natural person who at all times

-2-

FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS

mentioned herein maintained her residence in the City of Los Angeles, County of Los Angeles. At all times mentioned in the Complaint Defendant ACEVEDO was the landlord and/or manager of the property where Plaintiffs resided and which is the subject of the Complaint and a state court action.

**ALLEGATIONS COMMON TO OBJECTIONS TO DISCHARGE**

8.      Defendant ACEVEDO is the owner of a property located at 4710 S. Figueroa Street, Los Angeles, California (hereafter "The Subject Property"). Defendant FERNANDEZ constructed two illegal dwellings in the rear of the Subject Property, which she rented despite orders from the Los Angeles Housing Department (LAHD)(Formerly the Los Angeles Housing & Community Investment Department) and Los Angeles Department of Building & Safety (LADBS) to not do so until they are brought up to code and subjected to inspections.

9.      Defendant ACEVEDO constructed the units without permits, without inspections and without using licensed contractors.  Defendant ACEVEDO never obtain a certificate of occupancy, which is required and issued only after the government building agency determines the structure is fit for human habitation..  As such, the units were dangerous and unfit for human habitation.

10.     On or about 2014, Plaintiff CARRILLO rented a dwelling at the Subject Property. Plaintiff CARRILLO entered into an oral agreement with Defendant for the rental of a rear unit (hereafter "Dwelling Unit 2") located at the rear of the Subject Property for the monthly rental amount of $1,200.00. The unit was to be occupied by Plaintiff CARRILLO and her son Plaintiff ADAN.

11.     Plaintiffs CARRILLO and ADAN's unit was illegal, constructed by Defendant without permit or inspections, and was never issued a certificate of occupancy,  Defendant ACEVEDO never informed Plaintiffs CARRILLO and ADAN their unit was illegal, dangerous and could not

be occupied. Plaintiffs trusted Defendant ACEVEDO and believed they were renting a legal residential dwelling.

12. On or about April, 2015, the LADBS ordered Defendant to remove all illegal construction. She did not. Defendant never informed Plaintiffs CARRILLO and ADAN that the LADBS ordered her to remove all illegal construction or that the dwelling was dangerous and unfit for human habitation.

13. On or about July 18, 2016, the LAHD inspected the Subject Property and issued to Defendant a Notice and Order of Abatement. The Notice determined the dwellings constituted illegal construction and ordered Defendant to "remove the unapproved portion or alteration and restore structure to its originally approved condition or obtain the required permits and inspection approvals."

14. Defendant ACEVEDO did not comply with the Order from LAHD and did not inform Plaintiffs CARRILLO and ADAN of the Order. Despite knowing the structures were illegal and unsafe, Defendant proceeded to rent them to Plaintiffs.

15. On or about March, 2017, Plaintiffs CASTANON and ROMERO rented a dwelling at the Subject Property from Defendant ACEVEDO. Plaintiffs CASTANON and ROMERO entered into an oral agreement with Defendant for the rental of a rear unit (hereafter "Dwelling Unit 1") located at the rear of the Subject Property for the monthly rental amount of $850.00.

16. Plaintiffs CASTANON and ROMERO's unit was also illegal, unpermitted and lacked a certificate of occupancy. Defendant ACEVEDO caused the unit to be constructed and rented despite the previous Orders from LADBS and LAHD, completely disregarding the orders and endangering Plaintiffs. Defendant ACEVEDO never informed Plaintiffs CASTANON and

ROMERO about the illegal nature of the dwelling or the Orders from LADBS and LAHD.

17. On November, 2019, the LADBS, once against, ordered Defendant to remove illegal construction, specifically both of Plaintiffs' dwellings. LADBS issued a Substandard Order stating the Dwellings occupied by Plaintiffs were illegally constructed dwellings without a certificate of occupancy and ordered Defendant to secure the proper permits and bring the dwelling up to code or discontinue its use as a residential dwelling by December, 2019.

18. An implied term of the Plaintiffs' tenancy was that in exchange for the rent paid to live at the Dwellings, Plaintiffs were to receive a rental unit that is in habitable condition as defined by law.

19. Plaintiffs, at all relevant times, were tenants of the Dwellings at the Subject Property in lawful possession of their dwelling pursuant to the oral rental agreement with Defendant. Plaintiffs resided as tenants in the Dwelling Units at the Subject Property during the period in which Defendant owned, managed and exercised possession and control of the Dwelling. At all relevant times, Plaintiffs paid rent on a monthly basis to Defendant and/or for the benefit of Defendant, did not cause any of the problems with her dwelling, and at various times notified Defendant and his agents of various problems with their Dwelling.

20. Pursuant to the Los Angeles Rent Stabilization Ordinance (LARSO), Los Angeles Municipal Code (L.A.M.C.) §151.01 et seq., a landlord cannot demand or collect rent for an illegal dwelling. Defendant did not have any legal right to collect *any* rent from Plaintiffs and thus any rent collected was a violation of Los Angeles Municipal Code §151.04. Furthermore, had an affirmative obligation under LARSO to disclose that the registration of the dwellings with the City of Los Angeles, and never did.

21. Defendant ACEVEDO knew that she could not charge rent and did so, never informing Plaintiffs she could not charge and, as such, what she did demand and collect was an overcharge that she had to return to Plaintiffs. As such, Defendant ACEVEDO obtained the rent overcharge by means of fraud and false pretenses, and must disgorge the rents, and pay the treble damages and attorney's fees. In addition to a disgorgement of rents collected for an illegal dwelling, LARSO provide for a penalty of treble damages and attorney's fees. As such, Plaintiffs are entitled to a rent rebate of $59,450.00, plus treble damages of $178,350.00 and attorney fees.

22. Pursuant to the LARSO, a landlord of an illegal dwelling must pay the tenants relocation benefits so that they can vacate the illegal and unsafe dwelling. Both the LADBS and LAHD, in their orders and elsewhere, informed Defendant ACEVEDO that if the illegal units were occupied she would have to pay relocation benefits so that such tenants could vacate the illegal dwellings. The relocation benefits were required because of Defendant ACEVEDO's fraudulently and knowingly renting out illegal dwellings, unfit for human habitations.

23. Plaintiffs are entitled to $32,350.00 pursuant to L.A.M.C. §163.02. Furthermore, L.A.M.C. §163.02 provides for a 50% penalty, or an additional $16,175.00.

24. Defendant had actual and/or constructive knowledge of her legal obligation to comply with the requirements of LARSO, L.A.M.C. §151.00 *et seq.*, and her legal obligation to follow the procedures set forth in LARSO, and of making the Relocation Assistance payment to Plaintiffs, but failed and/or refused to comply.

25. Instead of bringing the Dwelling Units up to code or pay the relocation so the Plaintiffs could vacate, Defendant ACEVEDO demanded Plaintiffs vacate the dwellings. Despite demands that she pay the relocation, Defendant ACEVEDO refused to do so and informed Plaintiffs she

-6-

FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS

would get them out "one way or another" and engaged in a pattern of harassment designed to make conditions intolerable so that Plaintiffs would leave without receiving the relocation they were entitled to. Defendant and/or her family cursed Plaintiffs, used vulgar language towards them as they entered and exited the property, made threats of physical harm, blocked their entrance and refused to make demanded repairs. Upon requests for repairs, Defendant ACEVEDO refused to make them and demanded Plaintiffs vacate, at times stating, "if you don't like it get out of here."

26. Because of Defendant's actions, threats, harassment and the illegal and dangerous nature of the dwellings, plaintiffs were forced to vacate. Defendant's actions, or inactions, amount to a tortious breach of the covenant of quiet enjoyment.

**27.** Defendant's actions breached the covenant of quiet enjoyment and cause Plaintiffs severe emotional distress. Defendant's conduct as described herein has been grossly negligent, malicious and, oppressive, without regard to Plaintiffs' rights and wellbeing, thereby entitling each Plaintiff to damages for emotional distress.

### Plaintiffs' Civil State Court Action

28. Plaintiffs filed a civil suit against Defendant ACEVEDO FERNANDEZ, for, among other things, several state and local claims, including Tortious Breach of the Warranty of Habitability, Tortious Breach of the Covenant of Quiet Enjoyment, violation of the Los Angeles Rent Stabilization Ordinance for charging excessive rent and failure to pay relocation owed as a result of her action in renting an illegal unit, and for the wrongful eviction.

29. The case was filed on August 31, 2020, in Los Angeles Superior Court, is titled *Castanon,, et. al. v. Irma Acevedo Fernandez,* case number 20STCV33296, and is currently stayed because of

Defendant's bankruptcy filing. Attached as Exhibit 1 is a true and correct copy of the Complaint filed in the state action against Defendant.

30. Plaintiffs had been litigating the case, had completed discovery, including various depositions, in the state action. A final status conference scheduled for October 27, 2022, and trial for November 2, 202, when Defendant filed her bankruptcy petition.

### Defendant's Bankruptcy Filing

31. Defendant ACEVEDO's sole purpose in filing the underlying bankruptcy petition is to avoid paying Plaintiffs for her rendering them homeless through her fraudulent and malicious actions.

32. Based upon the above-mentioned conduct of the debtor, Plaintiffs objects to the discharge of debtor pursuant to 11 U.S.C. 523 et seq. on the grounds which are set forth below.

### **OBJECTION TO DISCHARGE AS TO §523 ET SEQ.**

FIRST CLAIM FOR RELIEF FOR NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11
U.S.C. § 523(A)(6) FOR WILLFUL AND MALICIOUS INJURY
(By Plaintiffs against Debtor)

33. Paragraphs 1 through 36 of this Complaint are incorporated herein by this reference.

34. The covenant of quiet enjoyment is codified in California Civil Code Section 1927. Implied in the rental agreement between Defendant and each Plaintiffs was a covenant that Defendant would not interfere with each Plaintiff's quiet enjoyment of the premises during the term of his/her tenancy

35. Defendant had a duty to abide by the implied covenant of quiet enjoyment. Defendant breached this duty and the implied covenant by her conduct, acts and failure to act as described above, including, but not limited to, intentionally and willfully failing to repair unsafe, unsanitary

-8-

FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS

and uninhabitable conditions at the premises and forcing Plaintiffs to vacate their dwellings.

36. At all times mentioned herein, Defendant acted willfully and with the intent to cause injury to Plaintiff. These acts were carried on by Defendant with a willful and conscious disregard of the rights of Plaintiffs, knowing that this conduct was likely to be harmful to Plaintiff. Debtor acted in conscious disregard of Plaintiffs' rights.

37. At all times mentioned herein, Defendant acted with malice, in that her despicable conduct of intentionally and wrongfully failing to bring the Dwellings up to code and forcing Plaintiffs to vacate their Dwellings, knowing that this conduct was likely to be harmful to Plaintiffs.

38. Debtor's willful and malicious conduct resulted in injury to Plaintiffs.

39. For the reasons set forth hereinabove, Plaintiff's claims are not dischargeable pursuant to §523(A)(6)

SECOND CLAIM FOR RELIEF FOR NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) FOR DEBTOBTAINED THROUGH FALSE REPRESENTATIONS AND FRAUD
(By Plaintiffs against Debtor)

40. Paragraphs 1 through 43 of this Complaint are incorporated herein by this reference.

41. The Los Angeles Rent Stabilization Ordinance prohibits landlords from renting unpermitted and illegal dwellings and governs the maximum rent that can be charged for a rental.

42. Defendant ACEVEDO rented illegal and unpermitted dwellings to Plaintiffs knowing the dwelling were illegal, dangerous and unpermitted, and did so by representing to Plaintiffs that she could legally rent the dwelling. Defendant charged Plaintiffs rent in contravention of the Los Angeles Rent Stabilization Ordinance, LAMC §151.04, 151.09.

43. Plaintiffs paid the rent charged not knowing the Dwellings were illegal and contravention

of the Los Angeles Rent Stabilization Ordinance. As such, Defendant obtained rental payments from plaintiffs over and above the maximum allowed by the Los Angeles Rent Stabilization Ordinance. Such rent was, therefore, an overcharge of rent on the part of Defendant.

44. Similarly, as a result of Defendant's renting illegal units under false pretenses that they were fit for habitation when they were not, Defendant was obligated to pay Plaintiffs relocation so that they could vacate the illegal dwelling. This debt was incurred by Defendant because of her fraudulent actions in knowingly renting illegal and unpermitted dwellings.

45. Defendant ACEVEDO is liable to Plaintiffs for the rent overcharge and LAMC §151.09 allows for treble damages of the rent overcharge and attorney's fees. L.A.M.C. §163.02 allows for relocation to Plaintiffs in the amount of $32,350.00 and L.A.M.C. §163.06 for a penalty of 50%, or $32,350.00

46. For the reasons set forth hereinabove, Plaintiff's claims are not dischargeable pursuant to §523(a)(2)(A) because Defendant's debt to Plaintiffs was obtained through false representations and/or fraud.

WHEREFORE, Plaintiffs herein pray that the Court:

    a. Determine debtor's indebtedness and claims to Plaintiffs not dischargeable pursuant to §523(a)(6).

    b. Determine debtor's indebtedness and claims to Plaintiffs not dischargeable pursuant to §§523(a)(2)(A)

    b. Abstain from deciding the adversary proceeding pending Judgment from the State Court;

    c. Grant judgment as awarded will be determined in the state court action, or to

-10-

FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS

Plaintiffs against Debtor in an amount to be later determine at trial, but including:

    1.    For restitution or disgorgement of rents under LAMC §151.04 in the amount of $59,450.00;

    2.    For treble damages pursuant to L.A.M.C. §151.10.A in the amount of $178,350.00;

    3.    For relocation in the of $32,350.00 pursuant to L.A.M.C. §163.02;

    4.    For penalty in the amount of $16,175.00 pursuant to L.A.M.C. §163.06;

    5.    For statutory damages under Civil Code Section 1942.4 of not less than $5,000.00 per plaintiff, or $20,000.00;

d.    For damages for emotional distress and such other relief as they may be entitled to.

e.    Plaintiff further prays for attorney's fees and costs associated herein.

LAW OFFICES OF CLEMENTE FRANCO, APC

Date: March 29, 2023    By: _____
    CLEMENTE FRANCO
    Attorney for Creditors/Plaintiffs

-11-

FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____
___FIRST AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF CLAIMS_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___3.29.23___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Evan Livingstone    evanmlivingstone@gmail.com
Elissa Miller (TR)    CA71@ecfcbis.com,
MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___3.29.23___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Evan Livingstone
Wade law Group
262 E. Main Street
Los Gatos, CA 95030

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3.29.23 | Clemente Franco | /s/ Clemente Franco |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**