# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 08/31/2020 07:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:23-ap-01075-DS    Doc 9-1    Filed 03/29/23    Entered 03/29/23 15:18:49    Desc
Exhibit    Page 2 of 20

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Susan Bryant-Deason

Clemente Franco, Esq. - State Bar No. 194742
LAW OFFICES OF CLEMENTE FRANCO, APC
1295 W. Sunset Blvd.
Los Angeles, CA 90026
Telephone: (213) 213.2500
Facsimile:  (213) 213.2501

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR CARRILLO, ADAN CARRILLO<br><br>Plaintiffs,<br><br>v.<br><br>IRMA ACEVEDO FERNANDEZ a.k.a IRMA A. FERNANDEZ, and DOES 1-10, Inclusive<br><br>Defendants | CASE NO.   20STCV33296<br><br>COMPLAINT FOR:<br>1.  TORTIOUS BREACH OF THE WARRANTY OF HABITABILITY (Negligence);<br>2.  TORTIOUS BREACH OF THE WARRANTY OF HABITABILITY (Intentional Tort);<br>3.  BREACH OF THE WARRANTY OF HABITABILITY (Statute).<br>4.  BREACH OF THE WARRANTY OF HABITABILITY (Contract);<br>5.  NUISANCE (CIVIL CODE §3479)<br>6.  BREACH OF COVENANT OF QUIET ENJOYMENT (Negligence)<br>7.  BREACH OF COVENANT OF QUIET ENJOYMENT (Intentional Tort)<br>8.  UNLAWFUL COLLECTION OF RENT AND EXCESSIVE COLLECTION OF RENT<br>9.  FAILURE TO PAY RELOCATION ASSISTANCE (Violation of LAMC §§151.00, *et seq*<br>10. UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BP§17200 ET SEQ. CC§1942.4<br>DEMAND FOR JURY TRIAL |

**COME NOW PLAINTIFF AND ALLEGES THE FOLLOWING ON**

**INFORMATION AND BELIEF AND DEMAND TRIAL BY JURY:**

## THE PARTIES

1.      Plaintiff GABRIELA CASTANON (hereafter "Plaintiff CASTANON") was, at all relevant times, an adult female and a tenant of the residential property located at 4710 S. Figueroa Street, Los Angeles, Los Angeles, California (hereafter "the Subject Property").  Plaintiff CASTANON, who resided in an illegal dwelling in the rear of the Subject Property (hereafter "Dwelling 1"), was a resident and tenant of the Dwelling, pursuant to an oral rental agreement, from March, 2017, to February, 2020, and, at all material times, satisfied her lease and has been in lawful possession of his dwelling.

2.      Plaintiff ALEJANDRO ROMERO (hereafter "Plaintiff ROMERO") was, and at all relevant times was, an adult male and a tenant at the Subject Property.  Plaintiff ROMERO, who resided with CASTANON in Dwelling 1, was a resident and tenant of the Dwelling, pursuant to an oral rental agreement, from March, 2017, to February, 2020, and, at all material times, satisfied his lease and has been in lawful possession of his dwelling.

3.      Plaintiff LEONOR CARRILLO (hereafter "Plaintiff CARRILLO") was, at all relevant times, an adult female and a tenant at the Subject Property.  Plaintiff CARRILLO, who resided in an illegal dwelling in the rear of the Subject Property (hereafter "Dwelling 2"), was a resident and tenant of the Dwelling, pursuant to an oral rental agreement, from approximately 2014, to February, 2020, and, at all material times, satisfied her lease and has been in lawful possession of his dwelling.

4.      Plaintiff ADAN CARRILO (hereafter "Plaintiff ADAN") was, at all relevant times, an adult male and a tenant in Dwelling 2.  Plaintiff CASTANON, who resided with his mother Plaintiff CARRILLO, was a resident and tenant of the Dwelling, pursuant to an oral rental agreement, from approximately 2014, to February, 2020,

5.      On information and belief, Plaintiffs allege Defendant IRMA ACEVEDO FERNANDEZ

aka IRAM A. FERNANDEZ (hereafter "Defendant FERNANDEZ"), is an individual, is now, and is at all material times mentioned herein was, a resident of the State of California, conducting business in the State of California, County of Los Angeles.  Plaintiffs are informed and believe, and thereon allege that, at all material times herein, Defendant FERNANDEZ, has been an owner, operator, and manager of the Dwelling, has exercised real or apparent authority regarding it, or has been an employee and/or agent of the owner, and has been responsible for maintaining the Dwelling in a lawful, habitable condition.

6.      The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs at this time, and who therefore sue said Defendants by such fictitious names.  Plaintiffs is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE are legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately and legally caused the injuries and damages to Plaintiffs as hereinafter alleged.  Plaintiffs will ask leave of court to amend this Complaint to insert the true names and/or capacities of such fictiously named Defendants when the same have been ascertained.

7.      At all times mentioned herein, each of the Defendants and DOES was the agent, employee and representative of every other Defendant and DOES, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, service and representation, and directed, aided and abetted, authorized or ratified each and every act and conduct hereinafter alleged.

8.      At all times mentioned herein, each of the Defendants was the co-tortfeasor of each of the other Defendants in doing the things hereinafter alleged.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

-3-
COMPLAINT

9.      Defendant FERNANDEZ is the owner of a property located at 4710 S. Figueroa Street, Los Angeles, California (hereafter "The Subject Property"). Defendant FERNANDEZ constructed two illegal dwellings in the rear of the Subject Property, which she rented to Plaintiffs.

10.     On or about March, 2017, Plaintiffs CASTANON and ROMERO rented a dwelling at the Subject Property. Plaintiffs CASTANON and ROMERO entered into an oral agreement with Defendant for the rental of a rear unit (hereafter "Dwelling Unit 1") located at the rear of the Subject Property.  The lease provided for Plaintiffs to rent the rear unit for the monthly rental amount of $850.00, payable monthly. Defendant would pay all utilities, including gas, water and electricity.

11.     On or about 2014, Plaintiff CARRILLO rented a dwelling at the Subject Property. Plaintiff CARRILLO entered into an oral agreement with Defendant for the rental of a rear unit (hereafter "Dwelling Unit 2") located at the rear of the Subject Property.  The lease provided for Plaintiff CARRILLO to rent the rear unit for the monthly rental amount of $1,200.00, payable monthly. The unit was to be occupied by Plaintiff CARRILLO and her son Plaintiff ADAN. Defendant would pay all utilities, including gas, water and electricity.

12.     An implied term of the Plaintiffs' tenancy is that in exchange for the rent paid to live at the Dwelling, Plaintiffs were to receive a rental unit that is in habitable condition as defined by law.

13.     Plaintiffs, at all relevant times, were tenants of the Dwellings at the Subject Property in lawful possession of their dwelling pursuant to the oral rental agreement with Defendant. Plaintiffs resided as tenants in the Dwelling Units at the Subject Property during the period in which Defendant owned and managed and exercised possession and control of the Dwelling. At all relevant times, Plaintiffs paid rent on a monthly basis to Defendant and/or for the benefit of Defendant and maintained a month-to-month tenancy of the Dwelling at the Subject Property.

14.     During Plaintiffs CASTANON and ROMERO's tenancy under Defendant's ownership and

management of the Subject Property the condition of in Dwelling Unit 1 was substandard and in violation of numerous health and housing codes.  During Defendant's ownership and management, the Dwelling suffered from the following substandard condition, including but not limited to: cockroach and bed bug infestation; mold on ceiling and windows; defective window screens; deteriorated and worn walls and ceilings; lack of heat and/or heating mechanisms; faulty and leaking pipes; lack of proper electrical wiring, faulty wiring; lack of sanitary bathroom; worn or broken flooring; unsanitary ineffective waterproofing and weatherproofing. In fact, the Dwelling was illegal, illegally constructed with out inspections or permits.

15.     During Plaintiffs CARRILLO and ADAN's tenancy under Defendant's ownership and management of the Subject Property the condition of in Dwelling Unit 2 was substandard and in violation of numerous health and housing codes.  During Defendant's ownership and management, the Dwelling suffered from the following substandard condition, including but not limited to: cockroach and mice infestation; mold on ceiling and windows; defective window screens; deteriorated and worn walls and ceilings; lack of heat and/or heating mechanisms; faulty and leaking pipes; lack of proper electrical wiring, faulty wiring; lack of sanitary bathroom; lack of functional toilet, peeling paint; unsanitary ineffective waterproofing and weatherproofing. In fact, the Dwelling was illegal, illegally constructed with out inspections or permits.

16.     On or about July 18, 2016, the Los Angeles Housing & Community Investment Department inspected the Subject Property and issued to Defendant a Notice and Order of Abatement.  The Notice determined the Dwellings constituted illegal construction and ordered Defendant to "remove the unapproved portion or alteration and restore structure to its originally approved condition or obtain the required permits and inspection approvals."  Despite knowing the structures were illegal, Defendant proceeded to rent them to Plaintiffs.

17.     Similarly, the substandard conditions at the Dwellings were so bad that the Dwellings were

determined to be an illegal and un-permitted dwellings by the City of Los Angeles Department of

Building & Safety (DBS).  The DBS issued a Substandard Order in November, 2019.  The DBS

determined the Dwellings occupied by Plaintiffs were illegally constructed dwellings without a

certificate of occupancy.  The Substandard Order ordered Defendant to secure the proper permits

and bring the dwelling up to code or discontinue its use as a residential dwelling by December,

2019.

18.     Defendant failed to comply with the Notice from HCIDLA or the Order from DBS.

Instead, Defendant engaged in a pattern of harassment designed for Plaintiffs to vacate the

dwelling without Defendant having to pay the relocation benefits required by the Los Angeles

Rent Stabilization Ordinance.

19.     In fact, Defendant refused demands to repair the Dwellings or pay relocation, demanding

that Plaintiffs immediately vacate the Dwellings. The harassment and conditions became so bad

Plaintiffs vacated the Dwellings in February, 2020, and never received the relocation amount

Defendant was required to pay under the Los Angeles Municipal Code.

20.     Plaintiffs did not cause any of the problems with her dwelling, and at various times

notified Defendant and his agents of various problems with their Dwelling.  Additionally,

Defendant was issued the Substandard Order and was aware of the violations.  As such, Defendant

had knowledge of the numerous violations at Plaintiffs' dwelling.

21.     While owning and maintaining the Subject Property, Defendant failed to maintain the

Dwellings in habitable condition despite numerous complaints from Plaintiffs and notices from

governmental agencies.

22.     Furthermore, Plaintiffs are informed and believe, and thereon allege, that any tenant who is

displaced or subject to displacement from a residential rental unit as a result of any order requiring

the vacation of the unit by an Enforcement Agency, shall be entitled to relocation benefits payable

by the landlord to the tenant pursuant to Section 163.03 L.A.M.C. in the amounts prescribed in Section 163.05 L.A.M.C.  As of the date Plaintiffs vacated the Dwellings Defendant had not paid relocation, in any sum, to Plaintiffs.

23.     Defendant had actual and/or constructive knowledge of their legal obligation to comply with the requirements of  LARSO, L.A.M.C. §151.00 *et seq*., and their legal obligation to follow the procedures set forth in LARSO, and of making the Relocation Assistance payment to Plaintiffs, however, Defendant failed and/or refused to comply.

24.     Furthermore, a landlord may not demand, accept or retain rent for any dwelling-unit unless said dwelling-unit has been registered with the City of Los Angeles Housing + Community Investment Department as required by law. Defendant failed to register Plaintiffs' unit.  Since Plaintiffs' Unit was not registered according to legal requirements, Defendant did not have any legal right to collect *any* rent from Plaintiffs and thus any rent collected is a violation of L.A.M.C. §151.04.

25.     As a direct and proximate consequence of the defective conditions and Defendant's refusal to abate habitability conditions described herein, along with Defendant's refusal to comply with the requirements of  LARSO, L.A.M.C. Sec. 151.00 *et seq.,* Defendant's acts have directly and/or proximately caused Plaintiffs to suffer from property damage, loss of personal property and personal effects, monetary damage in the form of rent paid, which Defendant had no legal right to demand, collect or retain, Plaintiffs have suffered out-of-pocket expenses, physical injuries, loss of sleep, fatigue, loss of appetite, frequent and extreme annoyance, discomfort, inconvenience, stress, anxiety and fear.

26.     Defendant's conduct as described herein has been grossly negligent, malicious and, oppressive, without regard to Plaintiffs' rights and wellbeing, thereby entitling each Plaintiff to punitive damages in an amount to be determined at trial.

### FIRST CAUSE OF ACTION
TORTIOUS BREACH OF THE WARRANTY OF HABITABILITY
(Negligence)
(By All Plaintiffs Against All Defendants and DOES 1-10)

27.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

28.     By virtue of the landlord-tenant relationship, Defendant owed Plaintiffs the duty to comply with building, fire, health and safety codes, ordinance, regulations and other laws and to maintain the premises in a habitable condition, fit for human habitation.

29.     Defendant has breached this duty and the implied warranty of habitability by failing to correct the substandard conditions complained of herein.

30.     Defendant knew, or reasonably should have known, that Plaintiffs would suffer damages as a result of this breach.  Each Plaintiff has been damaged by Defendant's conduct in an amount equal to rents due and paid by each Plaintiff during the life of each Plaintiff's tenancy, or in an amount to be proven at time of trial.

31.     As a direct and proximate result of Defendant's conduct, each Plaintiff has suffered and will continue to suffer illness, physical injury, mental stress, emotional stress, discomfort, annoyance, inconvenience, anxiety, loss in the value of his/her lease hold, property damage and loss of income, all to each Plaintiff's damage in an amount to be determined at time of trial, but which amount is within the jurisdictional requirements of this Court.

### SECOND CAUSE OF ACTION
TORTIOUS BRACH OF THE WARRANTY OF HABITABILITY
(Intentional Tort)
(By All Plaintiffs Against All Defendants and DOES 1-10)

32.     Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

-8-

COMPLAINT

The defective conditions alleged herein constituted violations of state and local housing laws and posed severe health, safety and fire hazards and breached the implied warranty of habitability.

33.    Defendant had actual and constructive notice of the defective conditions alleged herein, but despite such notice, failed to adequately repair and abate the conditions at the Subject Property.

34.    Neither Plaintiffs, nor anyone acting under their authority, cause, create or contribute to the existence of the defective conditions alleged herein; and these were not caused by the wrongful or abnormal use of the premises.

35.    By failing to correct said defective conditions, Defendant breached the warranty of habitability implied in all rental contracts under California law.

36.    Defendant knew, or reasonably should have known, that permitting said defective conditions to exist threatened the physical and emotional health and wellbeing of Plaintiffs, and posed a serious threat and danger to their health and safety. Yet, these conditions occurred and existed on an ongoing basis, showing a pattern and practice of deliberately inadequate property management.  The failure to adequately correct the defective conditions was thus knowing, intentional, and malicious.  Plaintiffs are therefore each entitled to exemplary and punitive damages in an amount to be determined at trial.

37.    Further, as a direct and proximate result of Defendant's breach of the warranty of habitability, Plaintiffs, and each of them, sustained special, general and property damage in amounts to be determined at trial, but which amount is within the jurisdictional requirements of this Court.

38.    Defendant's conduct in tortuously breaching the implied warranty of habitability has been grossly negligent, malicious and oppressive, thereby entitling each Plaintiff to exemplary and punitive damages in an amount to be determined at trial.

COMPLAINT

### THIRD CAUSE OF ACTION
BREACH OF WARRANTY OF HABITABILITY
(Statute)
(By All Plaintiffs Against All Defendants and DOES 1-10)

39.     Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40.     Defendant violated California Civil Code section 1942.4 by not correcting conditions cited by government housing agencies within thirty-five (35) days of issuance of the citations.

41.     Each Plaintiff has been damaged by Defendant's conduct in an amount equal to rents due and paid by each Plaintiff during the life of each Plaintiff's tenancy, or in an amount to be proven at trial.  In addition, pursuant to California Civil Code section 1942.4, subdivision (b) (1), each Plaintiff is entitled to special damages in an amount not less than $100 nor more than $5,000, and reasonable attorneys' fees pursuant to subdivision (b)(2).

### FOURTH CAUSE OF ACTION
BREACH OF WARRANTY OF HABITABILITY
(Contract)
(By All Plaintiffs Against All Defendants and DOES 1-10)

42.     Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.     Implied in the rental agreement between Plaintiffs and Defendant was a warranty that the premises are and will be maintained in habitable condition.

44.     Defendant breached and continue to breach the implied warranty of habitability in renting and maintaining said property in a dangerous, defective and unhealthful condition as set forth above and in failing to correct said housing and building safety violations so as to make the property fit for human habitation as set forth above and defined by, but not limited to, California Civil Code section 1941.1.

45.     Defendant been notified in writing by government agencies responsible for enforcement of housing laws that the premises are substandard, unfit for human habitation and require correction. On numerous occasions, Plaintiffs also requested that Defendant make the necessary repairs to abate the existing inhabitable conditions, but Defendant failed and/or refused to do so.  Despite said requests, Defendant refused to and did not correct the aforesaid conditions.

46.     Plaintiffs have paid or attempted to pay rent to Defendant, or for the benefit of Defendant, throughout the period during which the substandard conditions listed above have existed.

47.     Neither Plaintiffs, nor anyone acting under their authority, cause, create or contribute to the existence of the substandard conditions alleged herein; and these were not caused by the wrongful or abnormal use of the premises.

48.     Plaintiffs have been damaged by Defendant's conduct, in amounts equal to rent that has been paid to Defendant during the life of each tenancy or in amounts to be proved at trial.

### FIFTH CAUSE OF ACTION
PRIVATE NUISANCE
(By All Plaintiffs Against All Defendants and DOES 1-10)

49.     Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though set forth herein.

50.     The conditions of the Subject Property that the Defendant caused constitute a private nuisance within, but not limited to the meaning of Civil Code Section 3479 because the defective conditions were injurious to the health and safety of Plaintiffs, indecent and offensive to the Plaintiffs and interfered substantially with the Plaintiffs' comfortable enjoyment of the Subject Property.

51.     These conditions constituted substantial and unreasonable interference with Plaintiffs' private use and enjoyment of their tenancy.

-11-
COMPLAINT

52.     As a direct and proximate result of the private nuisance, Plaintiffs sustained general, special and property damage in amounts to be determined at trial.

53.     Further, Defendant had actual notice of said conditions and the need to abate them. Yet, despite actual notice, these conditions existed and occurred on an ongoing basis, showing a pattern and practice of deliberately inadequate property management. Defendant's failure to adequately correct said defective conditions and abate said nuisance was thus knowing, intentional, and malicious. Plaintiffs are therefore each entitled to exemplary and punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### BREACH OF COVENANT OF QUIET ENJOYMENT
(Negligence)
(By All Plaintiffs Against All Defendants and DOES 1-10)

54.     Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

55.     The covenant of quiet enjoyment is codified in California Civil Code Section 1927. Implied in the rental agreement between Defendant and each Plaintiff was a covenant that Defendant would not interfere with each Plaintiff's quiet enjoyment of the premises during the term of his/her tenancy

56.     Defendant had a duty to abide by the implied covenant of quiet enjoyment.  Defendant breached this duty and the implied covenant by their conduct, their acts and their failure to act as described above, including, but not limited to, failing to repair unsafe, unsanitary and uninhabitable conditions at the premises and failing to maintain the premises in habitable conditions.

57.     Defendant knew, or reasonably should have known, that Plaintiffs would suffer damage as a result of this breach.  As a direct and proximate result of Defendant's breach of the covenant of

1    quiet enjoyment, the value of the leasehold held by each Plaintiff has been diminished.

2    Consequently, each Plaintiff was damaged in an amount equal to the rental payments due and paid

3    during each of Plaintiffs' leasehold, or in an amount to be proven at time of trial.

4    58.    As a direct and proximate result of Defendant's conduct, each Plaintiff has suffered and

5    will continue to suffer illness, physical injury, mental stress, emotional stress, discomfort,

6    annoyance, inconvenience, worry, anxiety, property damage and loss of income, all to each

7    Plaintiff's damage in an amount to be determined at trial, but which amount is within the

9    jurisdictional requirements of this court.

10    59.    Defendant's conduct in breaching the covenant of quiet enjoyment has been grossly

11    negligent, malicious and oppressive, thereby entitling each Plaintiff to punitive damages in an

12    amount to be determined at trial.

13

14    **SEVENTH CAUSE OF ACTION**
BREACH OF COVENANT OF QUIET ENJOYMENT
15    (Intentional Tort)
(By All Plaintiffs Against All Defendants and DOES 1-10)
16

17    60.    Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the

18    preceding paragraphs of this Complaint as though fully set forth herein.

19    61.    Defendant breached the implied covenant of quiet enjoyment through their conduct as

20    described above, including, but not limited to, willfully failing and/or refusing to repair unsafe,

21    unsanitary and uninhabitable conditions at the premises and willfully failing and/or refusing to

22    maintain the premises in a habitable condition.

23

24    62.    As a direct and proximate result of Defendant's breach of the covenant of quiet enjoyment,

25    the value of the leasehold held by each Plaintiff has been diminished.  Consequently, each Plaintiff

26    has been damaged in an amount equal to the rental payments due and paid during each Plaintiff's

27    leasehold or in an amount to be proven at trial.

28

63.     As a direct and proximate result of Defendant's conduct, each Plaintiff has suffered and

will continue to suffer illness, physical injury, mental stress, worry, emotional stress, discomfort,

inconvenience, annoyance, anxiety, loss of value his leasehold, property damage, and loss of

income, all to each Plaintiff's damage in an amount to be determined at trial, but which amount is

within the jurisdictional requirements of this court Defendant's conduct in breaching the implied

covenant of quiet enjoyment has been intentional, malicious and oppressive, thereby entitling each

Plaintiff to punitive damages in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
UNLAWFUL COLLECTION OF RENT AND COLLECTION OF EXCESSIVE RENT
(Los Angeles Municipal Code §§ 151.04; 151.05; 151.10)
(By All Plaintiffs Against All Defendants and DOES 1-10)

64.     Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the

preceding paragraphs of this Complaint as though set forth in full herein.

65.     Between March, 2017, and February, 2020, Plaintiffs ROMERO and CASTENON were in

a landlord-tenant relationship with Defendant. Plaintiffs entered into an oral rental agreements and

paid rent to Defendant pursuant to their rental agreement.  This landlord-tenant relationship

continued uninterrupted until Plaintiffs ROMERO and CASTANON vacated Dwelling Unit 1.

66.     Between 2014, and February, 2020, Plaintiffs CARRILLO and her son Plaintiff ADAN

were in a landlord-tenant relationship with Defendant. Plaintiffs entered into an oral rental

agreements and paid rent to Defendant pursuant to their rental agreement.  This landlord-tenant

relationship continued uninterrupted until Plaintiff CARRILLO and her son vacated Dwelling Unit

67.     During their respective ownership periods, Defendant collected rent from Plaintiffs in

violation of L.A.M.C. §151.04, which makes it unlawful for a property owner to collect excessive

rent.

68.     A landlord may not demand, accept or retain rent for any dwelling-unit unless said

-14-

dwelling-unit has been registered with the City of Los Angeles Housing + Community Investment Department as required by law.   Plaintiffs' Dwellings were illegal units, illegally constructed without proper permits and inspections.  Therefore, because Plaintiffs' unit was illegal, Defendant never registered these units with the Los Angeles Housing & Community Investment Department as required.  Since Plaintiffs' units were not registered according to legal requirements, Defendant did not have any legal right to demand, accept or retain *any* rent from Plaintiffs and thus any rent demanded or collected is a violation of L.A.M.C. §151.04.

69.    As a direct and proximate result of the Defendant's violation of aforementioned Los Angeles Municipal Code, Plaintiffs have suffered and/or continue to suffer injuries, including the loss of rental payments for an illegal Unit that Defendant failed to register. Said damages are in an amount to be determined at trial, but no less than $800.00 per month for each month the Dwelling Unit 1 was not registered and $1,200.00 per month for each month the Dwelling Unit 2 was not registered, according to proof at trial.

70.    Los Angeles Municipal Code § 151.10 entitles Plaintiffs to treble damages for rent payments made during the relevant period.

71.    Similarly, Los Angeles Municipal Code § 151.10 allows for an award of reasonable attorney fees and costs as determined by the Court.

**NINTH CAUSE OF ACTION**
FAILURE TO PAY RELOCATION ASSISTANCE – VIOLATION OF LOS ANGELES
MUNICIPAL CODE §§ 151.04; 151.05; 151.09; 151.10.
(By All Plaintiffs Against All Defendants and DOES 1-10)

72.    Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as though set forth in full herein.

73.    During the relevant time period and their respective ownership of the Subject Property,

Plaintiffs were in a landlord-tenant relationship with Defendant.  Plaintiffs entered into rental

agreement and paid rent to Defendant, occupying the premises pursuant to said rental agreements.

These landlord-tenant relationships with Defendant started in 2014 for Plaintiff CARRILLO and

ADAN and March, 2017, for Plaintiffs ROMERO and CASTANON and continue through

February, 2020.

74.      The Subject Property and Plaintiffs' Units are subject to the Los Angeles Rent

Stabilization Ordinance (LARSO).  On or about November, 2019, the City of Los Angeles

Department of Building & Safety issued a Substandard Order citing Defendant for illegal

construction of Plaintiffs' dwelling.    The Substandard Order cited Plaintiffs' unit as having been

"constructed without the required permits and approvals. Defendant was ordered to "demolish and

remove all construction work performed without the required permits."

75.      The Department of Building and Safety, by way of the Substandard Order, ordered

Defendant to comply on or before December 15, 2019.  It further ordered Defendant on "to secure

all required permits."   However, instead of obtaining the required permits and completing the

repairs, in bold defiance of the applicable law and in an illegal attempt to circumvent the Los

Angeles Rent Stabilization Ordinance, Defendant engaged in a pattern of harassment designed to

force Plaintiffs to vacate the Dwelling, forcing Plaintiffs to vacate the Dwellings.

76.       Defendant had actual and/or constructive knowledge of their legal obligation to comply

with the requirements of LARSO, L.A.M.C. § 151.00 *et seq.,* § 163.05 *et seq.,* and their legal

obligation to follow the procedures set forth in LARSO. Nonetheless, Defendant refused to pay

Plaintiffs the required relocation assistance and instead forced Plaintiffs to vacate the Dwelling.

77.      Plaintiffs are entitled to payment of relocation assistance under L.A.M.C. §151.09, in an

amount of not less than $21,200.00, per household, for Plaintiffs ROMERO and CASTANON,

1   and $11,150.00 for Plaintiffs CARRILLO and ADAN, but within the jurisdictional limit of this

2   Court.

3   ### TENTH CAUSE OF ACTION

4   UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND
    PROFESSIONS CODE § 17200 ET SEQ.

5   (California Civil Code § 1942.4)
    (By Plaintiffs against Defendant and DOES 1-10)

6

7   78.     Plaintiffs re-allege, and incorporate by reference each and every allegation contained in the

8   preceding paragraphs of this Complaint as though set forth in full herein.

9   79.     Plaintiffs were responsible for paying her rent on a monthly basis during his tenancy with

10  the Defendant.

11

12  80.     Defendant's failure to maintain the Dwellings and failure to abate known habitability

13  violations while demanding and/or collection rent, as well as the disconnection of utilities and

14  failure to register the Dwelling with the City of Los Angeles or pay relocation, constitutes

15  unlawful business practices. Proof of these violations is contained in the housing inspection report

16  created by the DBS, as alleged herein above, had either actual or constructive knowledge of said

17  violations.  Moreover, as alleged above, the unlawful practices of the Defendant violated

18  California Civil Code Sections 1942.4, and 1941.1, and LAMC Sections151.04 and 151.09.

19

20  81.     Plaintiffs were responsible for paying monthly rent to the Defendant and/or for the benefit

21  of the Defendant and were harmed and sustained economic injury as a result of the alleged

22  unlawful business practices by having to pay full monthly rent for a dwelling that was illegal and

23  that contained the material deficiencies as alleged herein.

24

25  82.     As a direct and proximate result of the aforementioned acts and omissions, the Defendant

26  was unjustly enriched at the expense of Plaintiffs, and Plaintiffs are entitled to restitution in an

27  amount to be proven at trial.

28

-17-
COMPLAINT

**WHEREFORE**, the individual Plaintiffs pray for the following damages and relief:

1.    For general and special damages in an amount of at least $400,000 to be determined at trial;

2.    For property damage in an amount to be determined at trial;

3.    For restitution under L.A.M.C. §151.04 and Business and Professions Code § 17200, *et seq.* in the amount of $59,450.00;

4.    For treble damages pursuant to L.A.M.C. §151.10.A in the amount of $178,350.00;

5.    For exemplary and punitive damages;

6.    For a declaration that Plaintiffs are entitled to relocation fees of not less than $32,350.00;

7.    For relocation in the of $32,350.00 pursuant to L.A.M.C. §163.02;

8.    For penalty in the amount of $16,175.00 pursuant to L.A.M.C. §163.06

9.    For a determination that Defendant is not entitled to demand, collect or retain rents from Plaintiffs for an illegal unit not registered with LAHCID;

10.    For reasonable attorney's fees in an amount to be proven at the time of trial; and for costs of suit according to proof, including those awarded pursuant to section 1021.5 of the Code of Civil Procedure, and sections of the Los Angeles Municipal Code 151.09 and 151.10;

11.    For pre- and post-judgment interest to Ca. Civil Code §§ 3288 and 3291: and

12.    For any such other relief as the Court may deem just and proper.

13.

Date:  July 20, 2020                              LAW OFFICES OF CLEMENTE FRANCO

Clemente Franco, Esq.
Attorneys for Plaintiff

-18-
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues and causes of action subject to a jury trial.

Date:  July 20, 2020                    LAW OFFICES OF CLEMENTE FRANCO

Clemente Franco, Esq.
Attorneys for Plaintiff

-19-
COMPLAINT