AMIEL L. WADE (SBN 184312)
EVAN LIVINGSTONE (SBN 252008)
WADE LAW GROUP
A Professional Corporation
262 E. Main Street
Los Gatos, CA 95030
Telephone: (408) 884-4018
Facsimile:  (408) 852-0614
Email: elivingstone@wadelitigation.com

Attorneys for Debtor/Defendant
Irma Acevedo Fernandez

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA ACEVEDO FERNANDEZ<br><br>Debtor.<br>------------------------------------------------------<br>GABRIELA CASTANON, ALEJANDRO ROMERO, LEONOR CARRILLO, ADAN CARRILLO<br><br>Plaintiffs,<br><br>v.<br><br>IRMA ACEVEDO FERNANDEZ a.k.a IRMA A. FERNANDEZ<br><br>Defendant. | Chapter 7<br><br>Case No. 2:22-bk-15889-DS<br><br>AP No. 2:23-ap-01075-DS<br><br>**MOTION OF EVAN LIVINGSTONE TO WITHDRAW AS ATTORNEY OF RECORD FOR DEBTOR/DEFENDANT IRMA ACEVEDO FERNANDEZ**<br><br>Date:     November 16, 2023<br>Time:    11:30 AM<br>Ctrm.:    1639<br>Judge:   Hon. Deborah J. Saltzman<br><br>Action filed: February 3, 2023<br>FAC filed:    March 29, 2023<br>Trial Date:   None Set |

TO THE COURT, ALL PARTIES WHO HAVE APPEARED AND THE UNITED STATES TRUSTEE:

Debtor/Defendant IRMA ACEVEDO FERNANDEZ has advised present counsel Evan Livingstone, that she no longer wants Mr. Livingstone or his law firm Wade Law Group, to represent her, and she wants to represent herself in this action. Therefore Evan Livingstone moves this court for an order permitting him to withdraw as counsel for Debtor/Defendant and to permit IRMA ACEVEDO FERNANDEZ to represent herself in this matter.

This motion is based upon the accompanying Memorandum of Points and Authorities, and the accompanying declarations of Evan Livingstone and the substitution of attorney form

signed by Debtor/Defendant Irma Acevedo Fernandez.

Dated: October 26, 2023                              WADE LAW GROUP

                                    By:    /s/ Evan Livingstone
                                            Evan Livingstone
                                            Attorneys for Defendant
                                            Irma Acevedo Fernandez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTS

Debtor Defendant IRMA ACEVEDO FERNANDEZ has told her present counsel, Evan Livingstone, that she no longer wants him to be her attorney, and would prefer to represent herself.

## II.    ARGUMENT

### A. Withdrawal or Substitution of Attorney Must Be Made by Notice Motion

LBR 2091-1. provides that a motion filed under LBR 9013-1(p) is required for the Substitution of Self-Represented Individual. An individual who is currently represented by an attorney in any matter concerning the administration of the case, in one or more proceedings, who now desires to represent himself/herself without an attorney. The attorney and individual may include, as an exhibit to the motion, the court-approved form for substitution of attorney. (LBR 2091-1(a)(2))

### B. An Attorney May Withdraw as Counsel When There is Good Cause

In the Central District of California, a lawyer may withdraw as counsel if they can demonstrate "good cause" to the court. Factors the court will consider include the reasons for withdrawal, prejudice to other litigants, harm to the administration of justice, and delay to the resolution of the case. If the client wants to represent themselves, the court will also consider whether the client is making a knowing and intelligent decision to waive their right to counsel.

In *Clasby v. Ivanovic*, Case No. 2:18-cv-02313-ODW (JPRx) (C.D. Cal. Nov. 3, 2020), the court considers four factors: the reasons for withdrawal, prejudice to other litigants, harm to the administration of justice, and delay to the resolution of the case.

> "An attorney must obtain leave from the court to withdraw as counsel. C.D. Cal. L.R. 83-2.3.2. Additionally, an attorney seeking leave to withdraw must provide their client and all other parties with advanced written notice of their intent to withdraw. C.D. Cal. L.R. 83-2.3.2. Ultimately, the decision to grant or deny the motion to withdraw as counsel lies within the trial court's discretion. *Bernstein v. City of Los Angeles*, No. CV 19-03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). To determine whether a movant has shown good cause for withdrawal, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."" (*Clasby v. Ivanovic*, Case No. 2:18-cv-02313-ODW (JPRx)

(C.D. Cal. Nov. 3, 2020))

In *Evolv Health, LLC v. Cosway U.S.A., Inc.*, Case No. 2:16-cv-01602-ODW (ASx) (C.D. Cal. Apr. 26, 2017) the court discusses the circumstances under which a lawyer may withdraw as counsel, including when the client fails to pay fees or expenses.

> ""An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. In determining whether good cause is shown, the court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.""

> ""The trial court has discretion in determining whether to grant counsel's motion for withdrawal." *Evolv Health, LLC v. Cosway U.S.A., Inc.*, Case No. 2:16-cv-01602-ODW (ASx) (C.D. Cal. Apr. 26, 2017) In *Santa Cerritos, Inc. v. Penrod*, 8:22-cv-00030-MEMF (ADSx) (C.D. Cal. May. 4, 2023), the court permitted an attorney to withdraw when the client's conduct makes it "unreasonably difficult" for the attorney to carry out their duty of representation.

> "Discussion Withdrawal of counsel is permitted under Rule 1.16 of the California Rules of Professional Conduct where the client's conduct makes it "unreasonably difficult" for an attorney to carry out their duty of representation. Cal. R. Profl Conduct 1.16(b)(4). Moreover, "[t]he determination whether to grant or deny an attorney's motion to withdraw as counsel of record lies within the sound discretion of the trial court," after considering whether "withdrawal might work an injustice in the handling of the case." Lempert v. Superior Court, 5 Cal.Rptr.3d 700, 709 (2003). Upon review of the Motion, the Court finds that counsel has provided good cause. Specifically, O'Connor states that he has only been able to contact Penrod once over the past two months and believes that Penrod is "avoid[ing] . . . emails and phone calls" with the goal of avoiding the instant litigation. Mot. at 2; Declaration of Joseph O'Connor, ECF No. 48, ("O'Connor Decl.") ¶¶ 3-4." (*Santa Cerritos, Inc. v. Penrod*, 8:22-cv-00030-MEMF (ADSx) (C.D. Cal. May. 4, 2023))

In *Jurado v. Real Time Resolutions Inc.*, EDCV 23-747 JGB (AFMx) (C.D. Cal. Jun. 20, 2023) the court permitted a lawyer to withdraw when the plaintiff wanted to proceed pro se.

> "On May 31, 2023, Plaintiff's former counsel of record filed a request to withdraw as attorney, indicating that Plaintiff wishes to proceed pro se. ("Request to Withdraw," Dkt. No. 15.) The Court granted the Request to Withdraw on June 2, 2023. ("Withdrawal Order," Dkt. No. 16.)" (*Jurado v. Real Time Resolutions Inc.*, EDCV 23-747 JGB (AFMx) (C.D. Cal. Jun. 20, 2023))

The legal standard for withdrawal was also discussed in *Duran v. City of West Covina*, 2:20-cv-11029-CAS-PDx (C.D. Cal. Jul. 6, 2022):

"Withdrawal is governed by the California Rules of Professional Conduct ("CRPC"). See Nehad v. Mukasey. 535 F.3d 962, 970 (9th Cir. 2008). Rule 1.16(b) sets forth several grounds under which an attorney may request permission to withdraw, including when the client "renders it unreasonably difficult for the lawyer to carry out the employment effectively," when the client "knowingly and freely assents to termination of the employment," or if "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof. Conduct 1.16(b). "(I]n ruling on a motion to withdraw, courts have looked at several factors including: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case."" *Duran v. City of West Covina*, 2:20-cv-11029-CAS-PDx (C.D. Cal. Jul. 6, 2022)

Here Debtor/Defendant has signed a substitution of attorney form, indicating that she wishes to represent herself in this matter. Further, there should be no prejudice to other litigants, harm to the administration of justice, or delay to the resolution of the case, because no trial date has been set in this matter.

### III.    CONCLUSION

Debtor/Defendant Irma Acevedo Fernandez wants to represent herself in this matter. There will be no prejudice to other litigants, harm to the administration of justice, or delay to the resolution of the case, because a trial date has not been set. Therefore there is good cause for the Court to permit Debtor/Defendant to withdraw as counsel, and allow counsel to file and serve the executed substitution of attorney form, attached as Exhibit A to counsel's declaration.

Dated: October 26, 2023                Respectfully submitted,

                                       WADE LAW GROUP

                            By:    /s/Evan Livingstone
                                   Evan Livingstone
                                   Attorneys for Debtor/Defendant
                                   Irma Acevedo Fernandez